### 540.  KELLAM *v.* THE STATE.

The facts in this case do not show a violation of section 672 of the Penal Code, and the verdict is set aside and a new trial ordered.

Accusation of unlawful sale of crop, from city court of Wrightsville—Judge Faircloth.  May 20, 1907.

Submitted July 17,—Decided September 19, 1907.

*E. L. Stephens,* for plaintiff in error.

*J. L. Kent, solicitor,* contra.

HILL, C. J. The plaintiff in error was a tenant and was convicted of a violation of section 672 of the Penal Code. The evidence showed that the tenant delivered to the landlord two bales of cotton, which paid his rent, being all the cotton made by him during the year; that he also owed the landlord $59 for three tons of guano advanced to him during the year in which the crop was made, to aid in making it. The tenant was also indebted to the landlord $114, paid for him by the landlord before he moved to his place. The tenant, in addition to the two bales of cotton delivered in payment of rent, tendered to the landlord all the "stuff" that he had made during the year on the place; and the landlord refused to accept it, because "it was nothing but a little trash of corn and fodder, and was worthless." The tenant also turned over to the landlord his mule, buggy, and harness, and the landlord allowed him $110 for the property, on what he owed him. The tenant sold the seed out of one of the bales of cotton for $5.16. He stated that he was compelled to do this to get something to eat, as the landlord did not furnish him any rations. For the sale of these seed, and using the money therefrom, the landlord prosecuted the tenant for a violation of section 672 of the Penal Code.

We think the facts in this case do not show that essential element of this offense, a fraudulent intent. The tenant seems to have acted in the utmost good faith. He paid his rent in full; and offered to turn over to the landlord his entire crop, which was refused, and did turn over to the landlord his mule, buggy, and harness. The tenant owed $59 for advances made to make the crop. His mule, buggy, and harness, according to the landlord, were worth $110. This was more than sufficient to pay the advances, and we think should have been first applied in payment of the debt for the advances. But it does not appear that the value of the property delivered to the landlord by the tenant and the value of the crop which he tendered to the landlord would not have been sufficient to fully pay the debt due for advances, and the old debt contracted before the relation of landlord and tenant existed. The facts in this case show that the tenant was acting honestly, and had done everything possible to pay his landlord,

and had in fact paid him in full for all advances made to aid in making the crop. It would be unjust to let this verdict stand; and the judgment refusing a new trial is *Reversed.*